UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

LAURA PICARD

VERSUS

STATE OF LOUISIANA, THROUGH
DEPARTMENT OF JUSTICE, OFFICE
OF ATTORNEY GENERAL

CIVIL ACTION

NO. 10-868-JJB

## RULING

This matter is before the Court on a motion (doc. 6) to dismiss filed by defendant. Plaintiff has filed an opposition (doc. 8), to which defendant has filed a reply (doc. 11). Plaintiff has subsequently filed an amended complaint[1] (doc. 17). Oral argument is not necessary.

Plaintiff's complaint alleges that plaintiff was reassigned and ultimately terminated in violation of state and federal law. Plaintiff alleges she was discriminated against and suffered retaliation. Plaintiff also alleges she was wrongly denied FMLA leave and that her employer refused to make reasonable accommodations for her disability. Defendant's motion seeks dismissal of plaintiff's claims.

Rule 12(b)(6) provides for dismissal for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In reviewing the complaint, courts accept all well-pleaded facts in the complaint as true. *C.C. Port, Ltd. v. Davis-*

---

[1] In this ruling, references to plaintiff's complaint or petition will encompass the complaint as amended by record document 17.

1

*Penn Mortg. Co.*, 61 F.3d 288, 289 (5th Cir. 1995). Courts do not, however, accept as true all legal conclusions. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Instead, "the complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). That is, a plaintiff must provide sufficient factual content for the court to reasonably infer that the plaintiff is entitled to relief based upon the context of the case and the court's "judicial experience and common sense." *Id.* at 1949-50.

Courts, therefore, must first identify the conclusory allegations, which do not receive a presumption of truth, and then determine whether the remaining factual allegations plausibly give rise to an entitlement of relief. *Id.* at 1950.

Defendant first argues that plaintiff's Title VII and Americans with Disabilities Act (ADA) claims should be dismissed for failure to exhaust administrative remedies. However, the plaintiff's amended complaint provides that plaintiff has since received her right to sue letter from the EEOC with regard to these claims. Defendant further argues that plaintiff's Title VII, ADA, and Pregnancy Discrimination Act claims should be dismissed because they are based on allegations that are time-barred. Defendant's arguments in this regard are more appropriate for a later motion for summary judgment. Defendant even concedes that not all of the allegations forming the basis of these claims are

2

time-barred.[2] The court agrees with plaintiff and declines to consider evidence outside of the complaint for the present motion. As such, defendant has not persuaded the court that plaintiff's complaint should be dismissed on these bases.

Defendant contends that plaintiff has failed to state a "failure to accommodate" claim under the ADA upon which relief may be granted. Plaintiff's complaint clearly sets forth the accommodations (handicapped parking, consistent use of elevator, and that she be allowed to work from home) requested by plaintiff and the denial of that request by her employer. Defendant asserts that these accommodations were not reasonable; however the arguments[3] raised by defendant on this issue are more appropriate for a later motion for summary judgment. Accepting as true the facts alleged in the complaint, plaintiff has stated a claim for failure to accommodate.

Additionally, defendant argues that plaintiff has failed to state a retaliation claim upon which relief can be granted pursuant to Title VII, the ADA, or other applicable law. Defendant contends that plaintiff has not alleged a protected activity nor adverse employment action. Plaintiff has alleged she was reassigned and eventually laid off (Petition, ¶¶ 9, 11, 13). Regarding defendant's contention that reassignment and being laid off are not adverse employment actions,

---

[2] Document 6-1, pp. 5-6.

[3] Examples of defendant's arguments in this regard include: that plaintiff already had continued use of elevator and that defendant cannot issue handicapped parking.

3

defendant argues that the facts alleged in plaintiff's petition are divergent from those in her EEOC Charge. Plaintiff asserts that defendant is seeking to introduce one of the typed EEOC documents, not even plaintiff's actual Charge documents. In any event, as previously stated, the court declines to consider evidence outside the complaint for purposes of the present motion. Additionally, plaintiff cites case law noting that an undesirable reassignment can trigger a retaliation claim. *Burlington v. White*, 548 U.S. 53 (2006).

Regarding defendant's argument that the retaliation claims should be dismissed for failure to allege protected activity, plaintiff's complaint alleges she complained about workplace discrimination based on her gender, pregnancy, and disability, for which she alleges she was eventually laid off (Petition, ¶¶ 9, 11, 14, 15).[4] Defendant simply asserts that these are not protected activities; however the only case law cited by defendant does not attempt to address the purported protected activities alleged by plaintiff. Some of plaintiff's actions alleged in the complaint, complaining of perceived discrimination, may be deemed protected activity. Accepting as true the factual allegations in the complaint, the court declines to dismiss plaintiff's retaliation claims.

Defendant also maintains that plaintiff has failed to state a claim for wrongful denial of leave under the Family and Medical Leave Act (FMLA).

---

[4] While the allegations in paragraph 14 are conclusory and thus not entitled to a presumption of truth, the other paragraphs cited contain factual allegations which the court accepts as true.

4

Specifically, defendant contends that plaintiff has failed to allege that she was eligible for leave at the time she requested it. However, as plaintiff points out in opposition, the complaint does allege plaintiff was eligible for leave when she requested it. Defendant contends that plaintiff either had not been employed long enough to receive leave or that she had exhausted the twelve workweek leave period and was not eligible for FMLA leave. Plaintiff's complaint specifically states she had been employed by defendant since August 30, 2004. While plaintiff's complaint alleges she had taken some leave prior to her most recent leave request, the complaint does not indicate she had necessarily exhausted her eligible leave.

Accordingly, the motion (doc. 6) to dismiss is DENIED.

Signed in Baton Rouge, Louisiana, on June 2nd, 2011.

JAMES J. BRADY
DISTRICT JUDGE