UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

LAURA PICARD

VERSUS

STATE OF LOUISIANA, THROUGH
DEPARTMENT OF JUSTICE, OFFICE
OF ATTORNEY GENERAL

CIVIL ACTION

NO. 10-868-JJB

**RULING ON DEFENDANT'S MOTION FOR RECONSIDERATION**

This matter is before the Court on a Motion for Reconsideration (Doc. 58) by the Defendant, the State of Louisiana, through Department of Justice, Office of Attorney General. The Motion is opposed (Doc. 60). Jurisdiction exists pursuant to Title 28 §§ 1331, 1343. Oral argument is not necessary.

This is a lawsuit by Laura Picard, an attorney formerly employed as an Assistant Attorney General by the Louisiana Department of Justice, Office of the Attorney General, in its Alexandria office.[1] On January 8, 2010, the Plaintiff's employment with the Attorney General's office was terminated. The Plaintiff brought claims of pregnancy discrimination under Title VII, denial of reasonable accommodation under the Americans with Disabilities Act ("ADA"), interference and retaliation under the Family and Medical Leave Act ("FMLA"), and intentional infliction of emotional distress under Louisiana law.[2] The case was removed to this Court on December 30, 2010. On January 4, 2013, the Defendant moved for summary judgment on all claims except intentional infliction of emotional distress. The Court granted the motion in part, and

---

[1] A full recitation of the facts can be found in the Court's prior summary judgment ruling. Doc. 54.
[2] The Plaintiff also at least attempted to bring a disability-based harassment claim; however, that claim has now been voluntarily withdrawn. Doc. 47, at 5.

1

denied it in part, dismissing the Plaintiff's ADA claims, her disability-based harassment claim, and her FMLA interference claim. Doc. 54. The Defendant now asks for reconsideration of that ruling.

Federal Rule of Civil Procedure 54(b) provides that courts may reconsider interlocutory orders or decisions.[3] A Court retains jurisdiction over all the claims in a suit and may alter its earlier decisions until final judgment has been issued. *Livingston Downs Racing Ass'n*, 259 F. Supp. 2d at 475. Final judgment has not been issued in this case, so the instant motion is properly considered under Rule 54(b).

District courts have considerable discretion in deciding whether to reconsider an interlocutory order. *Kemp v. CTL Distribution, Inc.*, No. 09-1109, 2012 U.S. Dist. 860404, at *3 (M.D. La. March 13, 2012). Although courts are concerned with principles of finality and judicial economy, "the ultimate responsibility of the federal courts, at all levels, is to reach the correct judgment under law." *Georgia Pacific, LLC v. Heavy Machines, Inc.*, No. 07-944, 2010 U.S. Dist. WL 2026670, at *2 (M.D. La. May 20, 2010). However, a motion for reconsideration based upon the same arguments only serves to waste the valuable resources of the court. *Id.* "[R]ulings should only be reconsidered where the moving party has presented substantial reasons for reconsideration." *State of La. v. Sprint Communications Co.*, 899 F. Supp. 282, 284 (M.D. La. Sept. 8, 1995).

---

[3] The Defendant asserts Federal Rule of Civil Procedure 59(e), or alternatively, Federal Rule of Civil Procedure 60(b), governs this Motion. However, "where, as here, a motion to reconsider concerns only interlocutory rulings, the appropriate vehicle for making the motion is [Federal Rule of Civil Procedure] 54(b)." Livingston Downs Racing Ass'n v. Jefferson Downs Corp., 259 F. Supp. 2d 471, 474–75 (M.D. La. 2002). Furthermore, the Defendant does not satisfy any of the grounds for relief under Rule 60(b).

The Defendant does not present substantial reasons for reconsideration, and for the most part, it makes the same arguments it made in its summary judgment motion. The Court's reasoning is clear as to why it denied summary judgment for certain claims, and the Defendant's reasons in support of its argument that the Court erred are without merit. While the Court's decisions involving facts were based on competent summary judgment evidence, the Defendant appears throughout its Motion to forget that when ruling on a motion for summary judgment, the Court considers evidence in a light most favorable to the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49 (1986). Although all of the Defendant's arguments in the instant Motion are without merit, the Court offers further explanation as to a few of them.

The Defendant does not disagree with the burden-shifting scheme enunciated by the Court in its ruling on the Plaintiff's Title VII pregnancy/gender discrimination claim, only its application. Specifically, the Defendant focuses on arguing it presented legitimate, non-discriminatory reasons for the reassignment of the Byrd-Starr case. As stated in the Court's ruling, once the employer articulates such a reason, "the scheme of shifting burdens and presumptions simply drops out of the picture, and the trier of fact proceeds to decide the ultimate question: whether plaintiff has proved that the defendant intentionally discriminated against her because of her sex." *Urbano v. Continental Airlines, Inc.*, 138 F.3d 204, 206 (5th Cir. 1998). By successfully arguing the reassignment of the Byrd-Starr case is not precluded from being an adverse employment action as a matter of law, and presenting competent summary judgment evidence to create a genuine issue of material fact as to whether reassignment occurred "because of" the Plaintiff's pregnancy, the Plaintiff established everything she

3

needed to survive summary judgment on this claim.  Since the Plaintiff satisfied her burden as the non-movant, and presentation of a legitimate, non-discriminatory reason for reassignment of the Byrd-Starr case by the Defendant would just allow the issue to be decided by the trier of fact, rather than affecting the granting or denying of summary judgment, the Court did not need to come to a conclusion on the issue.

The Defendant also argues the Court confused the chronology of events preceding the reassignment of the Byrd-Starr case, and the Court's recitation of the facts, and findings based upon those facts, are not supported by law.  First, it must be pointed out that the Defendant's original motion for summary judgment, as well as the ruling, listed the events relevant to this issue as occurring in September and October of 2009, while the Defendant's instant Motion states the events occurred in August, September, and October of 2008.  And though the Defendant states the Court fused together the conference call and reassignment of the case that occurred during this time period, the Defendant does not state which findings of the Court are incorrect as a result.  Regardless, a review of the ruling shows these facts were not fused together, and the Court reached no conclusions as a result of any such fusing.

Accordingly, the Defendant, the State of Louisiana, through Department of Justice, Office of Attorney General's Motion for Reconsideration (Doc. 58) is **DENIED**.

Signed in Baton Rouge, Louisiana, on May 15, 2013.

 **JAMES J. BRADY, DISTRICT JUDGE**